IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,044-01






EX PARTE BENJAMIN ADAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 44,885-B IN THE 78TH DISTRICT COURT


FROM WICHITA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of stalking and after
a period of community supervision, was sentenced to ten years' imprisonment. He did not appeal
his conviction or the revocation of his community supervision.

 Applicant contends, inter alia, that his trial counsel at the revocation hearing rendered
ineffective assistance by failing to notify Applicant of his right to appeal the revocation of his
community supervision and failing to object to the trial court sentencing Applicant without a separate
punishment hearing. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's counsel regarding Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether counsel informed Applicant of his right to
appeal the revocation proceedings, and if so, shall make findings as to whether Applicant informed
counsel of his desire to appeal the decision to revoke his community supervision. The trial court
shall make a finding as to whether the defense was given an opportunity to present punishment
evidence at the time of the revocation hearing. The trial court shall make findings of fact as to
whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 16, 2010

Do not publish